IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MEGA VAPE, LLC,<br>   *Plaintiff* | §<br>§<br>§ |
| *v.* | §    5:20-CV-00454-JKP<br>§ |
| CITY OF SAN ANTONIO,<br>   *Defendant* | §<br>§<br>§ |

## DEFENDANT CITY OF SAN ANTONIO'S RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DK. #3)

TO THE HONORABLE JASON PULLIAM:

NOW COMES CITY OF SAN ANTONIO, DEFENDANT in the above styled and numbered cause, and files this its Response to Plaintiff's Motion for Temporary Restraining Order (Dk. #3) and in response thereto would show unto the Court as follows:

### BACKROUND

This is an unprecedented time in both the Country and the City's history. It is undisputed that the COVID-19 pandemic creates a tremendous threat to the public health and safety. See Dk. 3-2, 3-3. As a result, several Executive Orders and Emergency Declarations have been issued over the last several weeks. See Dk. 3-2, 3-3, 3-4. These Orders and Declarations are aimed primarily at limiting public contact so as to attempt to slow the spread of this disease. Id. The relevant orders for purposes of Plaintiff's Motion are the Texas Governor's Executive Order dated March 31, 2020 (Dk. 3-3) and the City of San Antonio Fifth Emergency Declaration dated March 23, 2020 (Dk. 3-4).

As stated in its Motion and reflected in its name, Plaintiff is a vape shop. Under the City's Fifth Emergency Declaration, Plaintiff is not deemed an essential service. Despite this, Plaintiff has continued to operate its business since that date. Plaintiff was given numerous

warnings, postings to stop work and eventually citations before the City revoked its Certificate of Occupancy on April 7, 2020.

As will be shown below, Plaintiffs request for Temporary Restraining Order is without merit and should be denied.

## ARGUMENT AND AUTHORITIES

**A.   There is not a substantial likelihood that Plaintiff will prevail on the merits.**

Plaintiff's petition sets forth four counts as its basis for suit against the City: 1) interference with business contracts, 2) interference with potential business contracts, 3) due process, and 4) declaratory judgment.  As to the claims for interference with business contracts and potential business contracts, Plaintiff cannot succeed because it has not pled nor can it prove that there has been a legislative waiver of government immunity to bring such claims.  *Texas Dep't Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021, 101.057(2). *See also Texas River Barges v City of San Antonio*, 21 S.W. 3d 347, 356 (Tex. App. – San Antonio, 2000 pet. rev. denied)  In a similar manner there is no waiver of governmental immunity for the manner of declaratory judgment sought by Plaintiff.  Thus, Plaintiff's only potential claim is that for violation of due process rights.

It has been clearly established by the United States Supreme Court that liberties provided under the Constitution must be balanced against the greater good.  See *Jacobson v Commonwealth of Massachusetts,* 197 U. S. 11 (1905) ( *"The possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order, and morals of the community."*)  In emergency situations, the Supreme Court has acknowledged that loss of property rights without pre-deprivation due process is not a constitutional violation if post-deprivation due process rights

exist. See *Hodel v Virginia Surface Mining & Reclamation Assoc*, 452 U.S. 264, 302-303 (1981), see also *Catanzaro v Weiden* 188 F3d 56, 61-62 (2nd Cir 1989).

The issuance of Certificates of Occupancy resides in the authority of the City of San Antonio. See San Antonio City Code Chapter 10-12. The City, through its building official, is authorized to suspend or revoke a certificate of occupancy where it is determined that the building or structure or portion thereof is in violation of any ordinance or regulation. Id. In the present case, Plaintiff was found to be in violation of the City's Fifth Emergency Declaration and thus the Certificate was pulled. Dk. 3-4.

Plaintiff asserts that the City's Fifth Emergency Declaration is without authority due to the Governor's Executive Order of March 31, 2020. This is incorrect. Contrary to Plaintiff's representation that the March 31 EO "expressly removed the city's ability to act under [Tex. Gov't Code §418.108" (Dk. 3, para 16), the EO only limits the City's authority under the statute if the City impose restrictions inconsistent with the EO. The City has not done so.

The March 31 EO requires individuals to minimize "in-person contact" except where necessary to provide or obtain "essential services." Dk. 3-3, p. 3. "Essential Services" is defined in the order as everything listed in the U.S. Dept. of Homeland Security in its Guidance of the Essential Critical Infrastructure Workforce, Version 2.0. Id. **The DHS Advisory memorandum states that it is advisory in nature and that officials should use their own judgment in issuing implementation directives and guidance, balancing public safety, the health and safety of the workforce and the continued delivery of essential critical infrastructure services and functions. Clearly, the intent of DHS is to leave interpretive discretion to local jurisdiction. Exhibit A.** The State has not spoken to indicate that they disagree with the City's interpretation

in this case. If Plaintiff did qualify as an essential business, which the City disputes, the Governor's EO also requires "all services should be provided through remote telework from home unless they are essential services that cannot be provided through remote telework. Dk. 3-3, p. 4-5 Plaintiff has failed to address the fact that, as a retailer, order may be received via email or telephone and shipped or delivered to customers.

Moreover, Plaintiff has failed to exhaust the administrative remedies afforded to it. Under the San Antonio City Code, Plaintiff must appeal an administrative order to the Board of Adjustments. San Antonio City Code §35-481. Plaintiff has failed to take this step. Additionally, under the Governor's EO, Plaintiff has recourse through the Texas Department of Emergency Management to receive exemption as an essential business. Despite having been advised of this, Plaintiff has failed to pursue this relief. For these numerous reasons, it is unlikely that Plaintiff can succeed on the merits and thus emergency relief should be denied.

**B.    There is no competent evidence of irreparable harm or that harm to Plaintiff outweighs harm to public if TRO granted.**

Plaintiff fails to establish irreparable harm to Plaintiff. In support of the Motion, Plaintiff offers the affidavit of Brad Bennett. This affidavit contends, in a conclusory manner, that there will be harm to people who vape and possibly to employees of Plaintiff but fails to address any specific harm to Plaintiff other than the, again conclusory, statement that the business will be "detrimentally" impacted. Dk. 3-6. Plaintiff makes the self-serving statement that "[t]he harm to Plaintiff substantially outweighs the harm that a temporary restraining order would inflict upon this Defendant," again with no supporting evidence. In fact, the evidence provided by Plaintiff in the form of the Executive Orders and Emergency Declaration clearly establish that there is

potential for significant harm to the public. For these reasons, Plaintiff's motion should be denied.

WHEREFORE, PREMISES CONSIDERED, DEFENDANT CITY OF SAN ANTONIO prays this Court deny Plaintiff's Motion for Temporary Injunction in all things, and for such other relief, both in law and in equity, to which it may be entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO

Andrew Segovia
City Attorney
SBN: 24103187
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, Texas 78205

/s/Deborah Lynne Klein
Deborah Lynne Klein
Deputy City Attorney
Bar No: 11556750
(210) 207-8919/ (210) 207-4357 Fax
deborah.klein@sanantonio.gov
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on April 15, 2020:

Gerrit Schulze
Shumway Van
310 S. St. Mary's Street, Suite 2100
San Antonio, Texas 78205

Warren V. Norred
Norred Law, PLLC
515 E. Border St.
Arlington, Texas 76010

                                                  /s/Deborah Lynne Klein
                                                  DEBORAH LYNNE KLEIN